[No. 35959.   Department Two.   March 1, 1962.]

DONALD D. PHILLIPS *et al., Appellants,* V. ELLEN ILENE RICHMOND *et al., Respondents.**

* Reported in 369 P. (2d) 299.

*Arthur W. Kirschenmann* and *Robert R. Roberts,* for appellants.

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for respondents.

DONWORTH, J.—This is an appeal from a judgment for the defendants dismissing an action arising out of a rear-end automobile collision.

Donald D. Phillips (who will be referred to as appellant) had been waiting in his car for several seconds in the left north-bound lane of an arterial street in Yakima, intending (when approaching south-bound traffic cleared) to make a left turn in mid-block across a double center line, when respondent Richmond, driving her mother's car, crashed into the rear of appellant's car. (The defendant, Delta Followwill, is the mother of, and the owner of the automobile driven by, respondent Richmond. Since Mrs. Followwill was not personally involved in the accident, we shall use the singular term, respondent, in referring to Miss Richmond.)[1]

Although the evidence was in direct conflict in many material respects, there was substantial evidence from which the jury could have found the following facts: The accident occurred on a busy four-lane arterial (which is part of state primary highway No. 3 through the city of Yakima) during the morning rush hour on July 6, 1959. It was a bright sunny day. Appellant's left-turn indicator light was muddy and dirty, making it difficult, and perhaps impossible, to see it from more than three car lengths away. No other left-turn signal was given by appellant. At the point at which appellant had been waiting to make

---

[1] Between the time of the accident and the trial, respondent married, and her present name is Mrs. Roy.

his left turn, the highway was divided in the center by two painted lines, separated less than the four inches provided for by the statute which defines such traffic barriers (RCW 46.60.020).

The jury could have further found that just prior to the collision respondent had been proceeding north in the right-hand lane behind a truck, which obscured her vision to the front. When she first saw appellant's car, as she swung into the left lane to go around the truck, she assumed that his car was moving. Respondent was then about 150 feet from the collision point and going 25 miles per hour. When respondent realized that the car ahead was stopped, she could not swerve to the right or to the left because of the heavy traffic on both sides of the left lane. She applied her brakes and her car skidded about 20 feet before coming in contact with appellant's car.

In a suit for damages for personal injuries sustained by appellant, based upon several alleged acts of negligence, the jury found for respondent. Under respondent's theory of the case, and under the instructions to the jury, the jury could have found either that respondent was not negligent, or that the contributory negligence of appellant was a proximate cause of the accident.

This appeal is from a judgment of dismissal based on the verdict of the jury. The errors assigned are the denial of appellant's motions for striking affirmative defenses and for summary judgment, the failure of the trial court to give certain instructions proposed by appellant, and the giving of certain instructions excepted to by appellant.

In assignment No. 1, appellant contends that it was error to deny a motion to strike the affirmative defenses, and to deny his motion for summary judgment on the question of liability. Assignment No. 7 claims error in the trial court's failure to give appellant's proposed instruction that respondent was liable as a matter of law, the only issue being damages.

Assignment No. 7 is predicated on the first contention in assignment No. 1, that it was error to deny a motion

to strike the affirmative defenses. The latter contention (and, ultimately, the former contention) is based on appellant's claim of prejudice because of respondent's failure to answer interrogatories in sworn form until after appellant made and served his motion to strike the affirmative defenses for such failure to respond. We have been offered no good reason to interfere with the sound discretion of the trial court on the matter, and hold that these contentions, relating to interrogatories, have no merit.

Appellant's second contention in his first assignment of error is based partially on his first contention. To that extent the matter has already been disposed of in favor of respondent. However, the motion for summary judgment was also predicated upon respondent's failure to answer appellant's request for admission of facts within the time required by Rule of Pleading, Practice and Procedure 36 (RCW Vol. 0). It is argued that the court had no discretion to refuse to rule that the facts contained in the request were deemed admitted because of respondent's failure to answer within the ten-day period provided for in the rule.

In deciding whether it was reversible error to deny appellant's motion for summary judgment, it is first necessary to determine whether appellant is correct in his contention that a summary judgment would have been proper if the facts contained in the request for admissions had been treated as admitted.

August 23, 1960, appellant served on respondent's counsel a request for admission of facts consisting of four items (here paraphrased): (1) Did you state to a certain police officer after the accident that shortly prior thereto you were hurrying to get to work and "may" have been exceeding the speed limit? (2) Did you at that time state to appellant that the accident was your fault and that you hoped that he was not permanently injured? (3) Did you later in a telephone conversation with appellant state that the car which you were driving did not have any brakes? (4) Did you state in the same telephone conversation that you were driving faster than usual for no reason at all, that you saw his car and signal light but thought his car

would be out of the way before you reached that location and that you maintained the same speed until just before you got behind his car when you applied the brakes and there were none?

It is obvious, from reading the foregoing paragraph, that the only facts to be deemed admitted were that certain out-of-court admissions had been made by respondent. An admission that such statements had been made would *not* be an admission that those statements were *true*. It is certainly within the sound discretion of the trial court to deny a motion for summary judgment which is based solely on such "facts" and certain supporting affidavits. Since respondent eventually (after the ten days had passed) filed a sworn answer to the request for admission of facts, in which she denied ever having made the statements contained in the request, it was apparent to the trial judge that it was respondent's position that those statements were untrue. Under Rule 36, as long as the party who is deemed to have admitted making such statements has, by his answer, denied the *truth* of such statements, a material issue as to the facts contained in such statements remains. When a material fact is in issue, it is improper to grant summary judgment, because the party is entitled to a trial to determine what the truth is with regard to such factual issue.

Since appellant's argument with regard to Rule 36 pertains only to the denial of the motion for summary judgment, we cannot consider the proper effect of Rule 36 in any other connection. The motion for summary judgment was properly denied.

■ In assignment of error No. 2, appellant claims error in giving an instruction that the maximum lawful speed at the point of impact was 30 miles per hour, asserting that there is nothing in the record to support such an instruction. Since there is testimony in the record, by appellant himself as well as a police officer, that the speed limit was 30 miles per hour, the assignment is without merit.

■ Appellant asserts, in assignment No. 3, that it was error to give instruction No. 24:

"You are instructed that the court holds as a matter of law that plaintiffs have failed to establish their allegation that defendant Ellen Ilene Richmond was operating her vehicle with defective brakes; and therefore such claim of negligence is withdrawn from your consideration."

The instruction is claimed to be prejudicial and unnecessary because there was no pleading alleging defective brakes. Since appellant's opening statement to the jury raised the issue, the instruction was both necessary and proper.

■ In assignment No. 4, appellant contends that it was error to instruct the jury on the "prudent driver under the circumstances at the time" test for determining whether or not respondent was negligent. Appellant contends that the instruction is basically a "sudden emergency" instruction, and any sudden emergency was one of respondent's own making. The instruction complained of is as follows:

"You are instructed that the driving of the defendant Ellen Ilene Richmond Roy is not necessarily to be judged by the facts as they now appear before you here in court, but rather she is entitled to have her driving and conduct considered in the light of the facts as they appeared to her at the time and place in question.

"It is not necessarily what was the safest thing to do or what was the wisest thing to do or what could or ought to have been done, but the question is did the defendant, Ellen Ilene Richmond Roy at the time act as a reasonably cautious, prudent driver would have acted under the circumstances.

"If Ellen Ilene Richmond Roy did, then she cannot be charged with negligence, even though she did not do what you now believe would have been the safest thing for her to have done." Instruction No. 26.

Since the jury was properly instructed to consider all the instructions as a whole in their proper context, it is pertinent to set forth instruction No. 18:

"You are instructed that the doctrine of sudden emergency does not apply to one who has brought about such emergency by her own negligence.

"So, in this case, if you find that a sudden emergency developed in respect to the driver of defendants' automo-

bile, then you are instructed that the defendants are not entitled to the benefit of said doctrine if such emergency was brought about by the negligence of their driver."

It is apparent from a reading of the above that if instruction No. 26 could confuse anyone about the sudden emergency doctrine, that confusion would be eliminated by instruction No. 18.

Appellant contends, in assignment of error No. 5, that the trial court erred in giving instructions No. 29 and No. 40:

No. 29: "You are instructed that if you find by a fair preponderance of the evidence that a reasonably prudent driver under the same or similar circumstances to those in which Phillips found himself would not have so stopped or would not have remained stopped as long a time as was done by Phillips or would have kept a watch to the rear then any such omission would be negligence and if such negligence proximately caused the collision plaintiff cannot recover herein."

No. 40: "You are instructed that if you find by a fair preponderance of the evidence that the plaintiff, Donald Phillips, either knew or in the exercise of due care should have known that either before or as he was preparing to make his left hand turn that such action or attempted action on his part created a dangerous condition for following traffic, and that a reasonably prudent driver in such a situation would not have stopped and attempted to make a left hand turn and that such actions on the part of the plaintiff was the proximate cause of the accident in question, then in such event your verdict must be in favor of defendants."

It is claimed that the above instructions were incorrect in that ". . . the doing of an act otherwise legal, in no wise becomes necessarily illegal because the doing of said act may or may not create a dangerous situation." *Brummett v. Cyr*, 56 Wn. (2d) 904, 355 P. (2d) 994 (1960), is cited in support of this argument.

■ Assuming, *arguendo*, that the act of appellant was legal, the case cited does not support his argument. *Brummett v. Cyr* simply created a special exception to that rule, giving an absolute right to stop for an amber light, and hold-

ing, as a matter of law, that one cannot be contributorily negligent in stopping for such a signal light. The instructions to the jury in the instant case stated the correct general rule regarding contributory negligence.

In assignments of error Nos. 6 and 8, it is contended that the trial court erred in giving instruction No. 31 and in failing to give proposed instruction No. 5, respectively. The instructions in dispute follow:

Instruction No. 31: "You are instructed that a section of the Washington State Motor Vehicle Code, which was in force and effect at the time of the accident, provides as follows:

" 'Whenever any highway has been divided into two roadways for travel in opposite directions by leaving an intervening space or by a physical barrier or clearly indicated dividing section or by two parallel barrier stripes four inches or more apart so installed as to control vehicular traffic, every vehicle shall be driven only upon the right hand roadway and no vehicle shall be driven over, across or within any such dividing space, barrier or section, or barrier stripes, except through an opening in such physical barrier or dividing section or space, or barrier stripes, or at a crossover or intersection established by public authority.' "

*Proposed* instruction No. 5: "You are instructed that a motorist has the right to make a left turn at a point other than an intersection. One who undertakes such a turn for the purpose of leaving the highway must exercise ordinary care for the preservation of his safety and to avoid injury to others travelling upon the highway.

"In this case, unless it is proved to you by a fair preponderance of the evidence that there was a failure to exercise such care on the part of the plaintiff driver, then his left turn was permissible and rightful."

Appellant argues that the painted stripes were less than four inches apart, and therefore did not constitute a legal barrier. For that reason, appellant contends that it was error to give an instruction based on the statute (RCW 46.60.020) and, also, to *fail* to instruct the jury that appellant had a legal right to turn left at the point where the accident occurred.

The evidence introduced by appellant showed that at the scene of the accident the distance between the two painted parallel stripes was actually less than the four inches required by RCW 46.60.020 (at some points only two and a half inches), but that does not mean that either appellant or the judge and jury can ignore the existence of the painted stripes that were there, as appellant seems to feel they *must*. There is no evidence that at the time appellant attempted his left turn he was aware that the distance between the painted stripes was less than four inches and that he acted on the theory that he could legally make a left turn for that reason. Furthermore, the manner of painting the stripes was described in detail by the employees of the state highway department, who testified that the apparatus used properly spaced the distance between the stripes, but that in repainting them on the highway the precise location did not conform exactly with the old stripes. The jury could have properly found from the evidence that the double line so closely resembled a statutory barrier that a reasonably prudent man would have treated it as such. Furthermore, even if he knew at the time he attempted to make his left turn that the stripes were less than four inches apart, and for that reason believed that it was not illegal to turn left at that point, the jury could have properly found that a reasonably prudent driver still should reckon with the possibility that other drivers on the highway would regard the double line as a traffic barrier, so that they would not expect anyone to stop and make a left turn at that point. In that case, such a driver should have decided not to attempt a left turn, because of the danger involved.

The foregoing has demonstrated that the existence of a statute defining traffic barriers is relevant to the issue of whether appellant was contributorily negligent, even if the painted stripes in this case did not meet the statutory requirements. Therefore, an instruction on the statute was necessary and proper.

As for the failure to give proposed instruction No. 5, that instruction was (1) unnecessary to the extent that

the court did not need to state whether or not the appellant had a "right" to make a left turn at the point of the accident, and (2) redundant to the extent that it defined appellant's duty of care to be exercised in the execution of such a turn.

After considering all appellant's assignments of error, we find them insufficient to warrant a reversal of the judgment dismissing the action.

The judgment of the trial court, entered in accordance with the jury's verdict, is, therefore, affirmed.

FINLEY, C. J., OTT, and HUNTER, JJ., concur.

* Reported in 369 P. (2d) 310.