[No. 37131.   Department Two.   July 23, 1964.]

THOMAS SALVINO, *Appellant*, v. AETNA LIFE INSURANCE COMPANY, *Respondent.**

*John J. Costello* (of *Walthew, Warner & Keefe*), for appellant.

*Elliott, Lee, Carney & Thomas,* for respondent.

WEAVER, J.—Plaintiff (appellant) commenced this action to recover permanent and total disability benefits under a group life insurance policy issued to the employees of the Boeing Airplane Company by defendant (respondent).

*Reported in 394 P. (2d) 366.

Defendant's policy provided that the employee is entitled to recover if "total disability of the Employee *begins* while he is insured and *before age 60,* . . . " (Italics ours.)

Tuesday, April 18, 1961, plaintiff became 60 years of age. The following Monday, April 24, 1961, plaintiff reported to work but was forced to quit because of his physical condition.

November 27, 1961, plaintiff filed a notice of claim for disability benefits. In response to the question in the form, "From what date have you been so disabled?" plaintiff answered, "April 24, 1961."

After plaintiff brought this action, defendant served upon plaintiff a request for admissions of fact. The seventh request for admission was "That the plaintiff, in making application for total disability benefits, *stated* that his claimed permanent total disability commenced on April 24, 1961." (Italics ours.) Plaintiff neglected to answer the requests for admission and thereby he has "deemed admitted" each of the requests. Rule of Pleading, Practice and Procedure 36, RCW Vol. 0; 4 Orland's Washington Practice 219.

Defendant moved for summary judgment on the sole ground that "plaintiff is not entitled to receive any benefits under the terms of said policies, as his claimed total disability did not begin before he reached the age of 60 years." In opposition to the motion plaintiff secured an affidavit from his doctor which stated that plaintiff had become disabled prior to his 60th birthday. The trial court granted the summary judgment for defendant and stated: " . . . I think he [plaintiff] has signed his rights away by his own statement, . . . "

Plaintiff appeals. He claims that the trial court erred when it granted summary judgment because there was a genuine issue of a material fact as to the date when plaintiff became disabled. Defendant claims that the issue does not exist because plaintiff, by his failure to answer the requests for admissions of fact, admitted that his disability commenced April 24, 1961, which, of course, is after his 60th birthday.

■ The answer to defendant's contention is found in *Phillips v. Richmond,* 59 Wn. (2d) 571, 369 P. (2d) 299 (1962). Under circumstances similar to those of the instant case, the court said:

"It is obvious . . . that the only facts to be deemed admitted were that certain out-of-court admissions had been made by respondent. An admission that such statements had been made would *not* be an admission that those statements were *true.* . . . Under Rule 36, as long as the party who is deemed to have admitted making such statements has, by his answer, denied the *truth* of such statements, a material issue as to the facts contained in such statements remains. When a material fact is in issue, it is improper to grant summary judgment, because the party is entitled to a trial to determine what the truth is with regard to such factual issue."

Plaintiff admitted he made out-of-court admissions. He did not admit that the facts contained in those admissions were true. Therefore, a genuine issue as to this material fact exists.

Judgment reversed.

OTT, C. J., FINLEY and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.