[No. 8590-2-III. Division Three. May 31, 1988.]

MICHAEL F. SUPANCHICK, *Appellant,* v. KENNETH A. PFAFF, *Respondent.*

*Edward Dawson* and *Dawson & Meade,* for appellant.

*Eugene Annis, Erika Balazs,* and *Lukins & Annis,* for respondent.

THOMPSON, J.—A jury returned a verdict for the defense in this rear end vehicle collision case. Michael Supanchick appeals, contending the trial court erred when it denied his motions for a directed verdict on liability and for a new trial. We reverse.

On November 17, 1984, four vehicles were headed south on Monroe Street in Spokane, down the Monroe Street hill approaching the Alice Street intersection just past Cora Street. The weather was clear, the street was dry, and vision was unobstructed. The plaintiff, Michael Supanchick, was driving the third car in line, followed by the defendant, Kenneth Pfaff. All were in the left–hand inside southbound lane on Monroe, which is a 4–lane street. Two businesses were on the east side of Monroe at that location, a

Skipper's restaurant and a Conoco service station. The block between Alice and Cora is relatively short.

Suddenly, the lead car braked and signaled an intention to turn left, either into the Conoco station, or Alice Street. The driver of the second car, Marlene Gilbreth, managed to stop her vehicle; she had been following about 2½ car lengths behind the turning driver. She did not expect the car to be turning where it did.

Mr. Supanchick also saw the car turning, and saw Ms. Gilbreth apply her brakes. He applied his brakes and bumped into Ms. Gilbreth's car. There was no damage to her car from the contact.

Mr. Pfaff was approximately 30 to 40 feet behind Mr. Supanchick coming down the hill, and was traveling about 30 miles per hour. Mr. Pfaff saw the lead car stop and signal a turn. He then saw Mr. Supanchick's brake lights come on. Mr. Pfaff applied his brakes, but could not prevent his vehicle from sliding into Mr. Supanchick's vehicle. The collision caused substantial damage to Mr. Supanchick's car.

Mr. Pfaff testified at trial he was familiar with that section of Monroe Street. He was aware southbound vehicles sometimes turn left on Cora Street, and was aware there were two businesses on the left as well, with driveways accessing Monroe Street. He agreed that had he been farther behind Mr. Supanchick, he probably would not have struck his car. He also admitted he was probably going too fast to stop, under the circumstances. There was testimony regarding double yellow lines separating north– and southbound traffic in that area, and some suggestion this made left–hand turns illegal. However, there was no proof introduced that left–hand turns were prohibited.

Mr. Pfaff's critical testimony regarding the accident concerned his theory he could have stopped but for Mr. Supanchick's abrupt stop.

> Q [Mr. Annis] If the vehicle ahead of you, the one you struck, had come to an ordinary stop in the amount of distance that you would have anticipated, could you have avoided striking the rear of that vehicle?

. . .
   A [Mr. Pfaff] I think I could have been able to stop had I had more—had he been able to stop in a natural way, I would have been able to stop also.

After the accident, Mr. Supanchick saw several doctors, and was eventually diagnosed as having a herniated disk. He brought suit against Mr. Pfaff. Various pretrial and trial motions by Mr. Supanchick attempting to limit questions on the issue of possible causes of his back injury were made; all were denied. Mr. Supanchick made a motion for a directed verdict on the issue of liability, which was also denied.

The jury returned a defense verdict answering only the first question on the jury verdict form, *i.e.,* whether defendant Kenneth Pfaff was negligent.

Mr. Supanchick made a motion for a new trial based upon error in failing to direct a verdict Mr. Pfaff was negligent; error in submitting the issue of comparative fault to the jury; error in not excluding the line of questioning concerning other possible causes of Mr. Supanchick's injury; and jury misconduct. On the latter point, Mr. Supanchick presented the affidavit of the only juror to vote for a finding of negligence. The motion for a new trial was denied and Mr. Supanchick appeals.

The dispositive issue is whether the trial court erred in denying Mr. Supanchick's motion for a directed verdict on negligence. To reverse the trial court, this court must determine there was no evidence or reasonable inference therefrom to sustain a verdict in favor of Mr. Pfaff. *Bender v. Seattle,* 99 Wn.2d 582, 664 P.2d 492 (1983); *Reiboldt v. Bedient,* 17 Wn. App. 339, 344–45, 562 P.2d 991 (1977). Mr. Pfaff points to the following evidence in the record he contends supports the trial court's denial of Mr. Supanchick's motion for a directed verdict: (1) Mr. Supanchick failed to maintain an adequate following distance between his car and the car ahead of him, resulting in an abrupt stop. But for Mr. Supanchick's abrupt stop, Mr. Pfaff thinks he could have stopped without striking Mr. Supanchick's car; (2) a

left turn was not reasonably anticipated at the place of the accident. This evidence must be viewed in the context of the law concerning the duty of following drivers.

In *Miller v. Cody,* 41 Wn.2d 775, 252 P.2d 303 (1953), the defendant struck the plaintiff's vehicle from the rear after she had stopped at an intersection, started to turn, and stopped again. The court stated:

> Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. The following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made.

(Citations omitted.) *Miller,* at 778. The court held under the circumstances there was no emergency, and as the following driver, the defendant was chargeable with knowing a car edging out into cross traffic might stop abruptly. Therefore, the court affirmed the trial court's determination the defendant was negligent as a matter of law.

A similar case is *Bonica v. Gracias,* 84 Wn.2d 99, 524 P.2d 232 (1974). In *Bonica,* several cars were entering a freeway on an entrance ramp. The lead car stopped suddenly. The second car likewise stopped suddenly and was tapped by the third car. The plaintiff's car also stopped abruptly and contacted the preceding car. The defendant's vehicle then struck the plaintiff's car from the rear, causing physical injuries to the plaintiff. The court held under these facts the trial court correctly directed a verdict for the plaintiff on the issue of the defendant's negligence, citing *Miller v. Cody, supra,* and *Felder v. Tacoma,* 68 Wn.2d 726, 415 P.2d 496 (1966), which held a following driver is bound to anticipate the car ahead may stop suddenly when approaching a street intersection. The court also held the facts did not raise a jury question on the issue of contributory negligence.

Finally, RCW 46.61.145(1) states:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon the condition of the highway.

Mr. Pfaff's first argument, and evidence presented to support that argument, is identical to that of the following driver in *Bonica*. As noted in the Washington Supreme Court's opinion reversing the Court of Appeals on the issue of contributory negligence:

We disagree, however, with the Court of Appeals conclusion that there was sufficient evidence to raise a jury question on the issue of contributory negligence. . . .

The only contention by defendant is that the plaintiff's stop was unreasonably abrupt because plaintiff struck the car ahead of him. It does not follow that such abrupt stop was a proximate cause of the collision between plaintiff and defendant. *It is apparent that if plaintiff had stopped just short of the car ahead, the defendant would have still struck plaintiff's car.* As the trial court observed, a freeway entrance ramp presents a classic example of an area where abrupt stops should be anticipated. The expected is exactly what occurred here.

(Italics ours.) *Bonica,* at 100.

■ Mr. Supanchick owed a duty to the preceding driver, Ms. Gilbreth, not to follow too closely. However, there was no obstructed view of the left turning car, or any other unusual circumstance which would make an abrupt stop somehow a superseding factor in Mr. Pfaff's failure to stop in time. In addition, the left turning driver who forced the abrupt stop was not Mr. Supanchick. These facts distinguish the present case from *Phillips v. Richmond,* 59 Wn.2d 571, 369 P.2d 299 (1962) and *Cameron v. Boone,* 62 Wn.2d 420, 383 P.2d 277 (1963), relied upon by Mr. Pfaff. In both, the plaintiff was the turning vehicle, and the issue was whether *that* driver should have foreseen his abrupt stop to turn across double yellow lines might be unanticipated by following drivers. Also, in *Phillips,* the following driver had pulled out to pass a truck which obstructed her view and was met by a sudden unanticipated turning vehicle. Such was not the case here.

This also answers Mr. Pfaff's second argument that the left turn was so unanticipated as to present a jury question whether, under the circumstances, Mr. Pfaff had maintained a reasonable speed and distance behind Mr. Supanchick's car. *See Ryan v. Westgard*, 12 Wn. App. 500, 505, 530 P.2d 687 (1975). Mr. Pfaff admitted he was aware vehicles on that stretch of Monroe Street turned left, so that *he* could not say the sudden stop and turn was unanticipated. Whether or not Marlene Gilbreth, the driver in front of Mr. Supanchick and immediately behind the left turning driver, anticipated turns in that area is irrelevant. Ms. Gilbreth's testimony is what Mr. Pfaff relies upon. *Phillips* and *Cameron* allowed the issue of the plaintiff's contributory negligence to go to the jury because there was a question whether a reasonable driver should have foreseen double yellow lines might cause a following driver's failure to anticipate sudden stops and turns. Here, as noted, the issue is different because Mr. Supanchick was not the turning driver, was himself forced to stop abruptly to avoid colliding with the car ahead with more force than he did, and Mr. Pfaff was aware, and thus should have anticipated, that cars turned left on that stretch of Monroe Street.

We hold it was error for the trial court to deny Mr. Supanchick's motion for a directed verdict on the issue of Mr. Pfaff's negligence. We also hold there was insufficient evidence presented on the issue of comparative fault to warrant submitting that issue to the jury. Retrial will be limited to whether Mr. Supanchick's injuries were caused by Mr. Pfaff's negligence and, if so, the amount of damages to be awarded.

■ Mr. Supanchick additionally contends the trial court committed prejudicial error by allowing Mr. Pfaff to ask medical experts questions concerning other possible causes for his back condition. Because we reverse and order a new trial, we need not decide whether prejudicial error occurred on this basis. The decision whether to limit the scope of inquiry of the expert witnesses must be decided by the trial court in the context of the evidence submitted, and the

foundation and purposes proposed for introduction of that evidence. We note *Washington Irrig. & Dev. Co. v. Sherman,* 106 Wn.2d 685, 724 P.2d 997 (1986) held speculative questions concerning possible causes of injury to an industrial insurance claimant, without any showing the subsequent accidents had any effect on the claimant's disability, were improper. Should the issue arise on retrial, Mr. Pfaff must demonstrate a good faith basis for questions concerning possible causes of Mr. Supanchick's injuries other than the speculation properly prohibited by *Washington Irrig.*

Based on our disposition of this case, we need not address Mr. Supanchick's remaining assignment of error.

We reverse for a new trial limited to the issues of causation and damages.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied June 28, 1988.