Effie Jewell HARRISON, Administratrix of
the Estate of John R. Harrison,
Deceased, Appellant,

v.

HICKMAN–FULTON COUNTIES RURAL
ELECTRIC COOPERATIVE CORPO-
RATION, Appellee.

Court of Appeals of Kentucky.

May 12, 1961.

M. C. Anderson, Wickliffe, for appellant.

Wheeler & Marshall, Paducah, W. C.
Tipton, Hickman, for appellee.

CLAY, Commissioner.

Plaintiff's decedent was killed when he
came in contact with an uninsulated elec-
trical "tap line" of the defendant. The case
was tried before a jury and it returned a
verdict for the defendant which recited de-
fendant was not negligent.

On this appeal no contention is made that
any error was committed by the trial judge
in the proceedings or the instructions. Ap-
parently plaintiff's grounds for reversal are
that defendant was negligent as a matter
of law or the verdict was flagrantly against
the evidence.

An automobile ran off Highway 94 and
collided with one of defendant's poles.
This broke the pole and the line sagged
near the ground. Plaintiff's decedent (with
others) went out to view the scene. He
came in contact with the exposed line and
received a fatal injury.

■ Plaintiff contends defendant was
guilty of negligence as a matter of law be-
cause the latter had not obtained permis-
sion from the Department of Highways, as
required by KRS 416.140, to place its wires
and poles on the right-of-way. If there
was a violation of this statute, we cannot
comprehend how such dereliction would
constitute a negligent breach of duty owed
plaintiff's decedent. Even assuming non-
compliance could be characterized as negli-
gence under some circumstances, we are
unable to discern a semblance of causal
connection between the violation and the
accident. See Lawhorn v. Holloway, Ky.,
346 S.W.2d 302. This contention is with-
out merit.

■ Plaintiff further contends there
was "conclusive proof" that defendant was
negligent in the manner of erecting its
pole, in failing to have the "tap line" in-

sulated, in failing to have it equipped with fuses, circuit breakers or other safety devices, and in failing to de-energize the line promptly after the initial accident. The record does not contain conclusive proof on these issues. All of them were properly submitted to the jury. There was ample evidence to support its finding that defendant was not negligent in any of the respects charged.

The judgment is affirmed.