[No. 3165–2. Division Two. October 1, 1979.]

RICHARD K. JONSON, ET AL, *Appellants,* v. CHICAGO, MILWAUKEE, ST. PAUL, AND PACIFIC RAILROAD COMPANY, *Respondent.*

*Frank A. Peters,* for appellants.

*James E. Nelson, Dennis Opacki,* and *George J. Fair,* for respondent.

PETRIE, A.C.J.—Plaintiffs, Richard K. Jonson and Patrick D. Dopita, appeal from a judgment in favor of defendant, Chicago, Milwaukee, St. Paul, and Pacific Railroad Company. Plaintiffs note 35 assignments of error, which they synthesize into 12 issues. We find merit only in plaintiffs' contention that the jury was not fully and properly instructed on the concept of multiplicity of proximate causes.

Golden Given Road, a 2–lane street lying just outside the city limits of Tacoma, is bisected by a railroad track used by defendant. The track crosses the road at a 30–degree angle. The southerly approach to the crossing is marked (from north to south) with a round, yellow railroad sign, a large railroad symbol painted on the roadway and a railroad "crossbucks" sign. All of these warnings are "passive"—*i.e.,* not activated by a passing train. The area is lighted with several street lamps.

At approximately 11 p.m. on May 13, 1976, an accident occurred when Dopita, who was driving a pickup truck south on Golden Given, failed to stop for a Chicago–Milwaukee train that was in the crossing. The train was not moving at the time of the accident. Although Dopita and Jonson, the only passenger in the vehicle, both maintain that they never saw the train, the investigating officer found a straight "braking" skid mark of 27 feet at the scene. In any event, both men were seriously injured in the collision, and Dopita's 1973 pickup truck was demolished.

Plaintiffs' action for damages alleged that the Golden Given crossing was extrahazardous and that defendant was negligent in not installing adequate warning devices. In its answer, defendant maintained that it was not responsible for the accident and also alleged that any injuries or damages sustained by plaintiffs

were solely and proximately caused by the negligence and carelessness of the driver of the pickup truck and/or the

negligence and carelessness of the passenger in said vehicle, and defendants particularly allege that plaintiffs were guilty of contributory negligence.

In response to a special verdict form, the jury found defendant negligent but determined that such negligence was *not* a proximate cause of the accident. Plaintiffs appeal from judgment entered in favor of defendant.

 We deem it necessary to discuss only one issue in detail: Did the trial court's instruction on proximate cause properly inform the jury that there can be more than one "proximate cause" of an accident? Because plaintiffs argued that defendant's failure to install adequate warnings was the proximate cause of the accident, while defendant urged that plaintiffs' intoxication and carelessness were the "true" causes, such an instruction was necessary. *See Smith v. Acme Paving Co.,* 16 Wn. App. 389, 558 P.2d 811 (1976); *Wright v. Kennewick,* 62 Wn.2d 163, 381 P.2d 620 (1963); *Burton v. Douglas County,* 14 Wn. App. 151, 539 P.2d 97 (1975).

Plaintiffs requested the following instruction:

> *An event may have one or more proximate causes.* The term "proximate cause" means a cause which, in a direct sequence, unbroken by any new, independent cause, produces the event complained of and without which such event would not have happened.

(Italics ours.)

In place of the requested instruction, the trial court gave instruction No. 15[1] which reads:

> The term "proximate cause" means *a cause* which in a direct sequence, unbroken by any new independent cause, produces the event complained of and without which such event would not have happened.

(Italics ours.)

The trial court refused plaintiffs' instruction because it was convinced that instruction No. 15 provided an accurate

---

[1]Instruction No. 15 is taken from WPI 15.01 and is technically consistent with the note accompanying 15.01 that the additional sentence "should be given only when there is evidence of a concurring cause." 6 Wash. Prac. 105 (1967).

definition of the term "proximate cause" and was sufficient to permit plaintiffs to argue their multiple–causation theory to the jury. Under the fact pattern presented, we do not find the requisite degree of adequacy and clarity necessary to approve the truncated version of the instruction. As stated by the Court of Appeals of North Carolina in the case of *Warren v. Parks,* 31 N.C. App. 609, 615, 230 S.E.2d 684 (1976):

> We cannot agree with the implication in defendants' contention that the use of the article "a" was sufficient to inform the jury on the law of concurring negligence and multiple proximate causes. The error in the charge lies not in what was stated, but in what was omitted. Where there is evidence that the negligence of more than one person may have proximately caused the plaintiff's injuries, we think the judge has a duty to explain to the jury that there may be multiple proximate causes and that a finding of negligence on the part of one person does not necessarily exculpate the others.

(Citations omitted.)

We find that the situation is no different when one of the alleged proximate causes is a plaintiff's own negligence. *See* California Jury Instructions, Civil, Comment to Part 3.77 (BAJI) (6th ed. 1977). Instruction No. 15, even when considered in conjunction with the trial court's other instructions, was simply not sufficient to inform the jury adequately that there can be more than one proximate cause of the accident. When the evidence is sufficient to require an instruction on the issue of multiplicity of proximate causes, and a specific request is sought,[2] the jury should be told specifically and directly that "An event may have one or more proximate causes." Failure to so instruct as requested by plaintiffs prejudices their presentation to

---

[2]We note, incidentally, that the plaintiff in *Daly v. Lynch,* 24 Wn. App. 69, 600 P.2d 592 (1979) did not request the instruction which Jonson and Dopita requested herein. Under those circumstances, we did not disapprove the giving of the shorter version of WPI 15.01.

the jury. Accordingly, we reverse the judgment and remand for new trial.

SOULE, J., and JOHNSON, J. Pro Tem., concur.