[No. 49358–8.   En Banc.   August 4, 1983.]

ALLAN M. BRASHEAR, ET AL, *Respondents*, v. PUGET SOUND POWER AND LIGHT COMPANY, *Petitioner*.

*Perkins, Coie, Stone, Olsen & Williams,* by *Charles C. Gordon, Paul B. Goodrich,* and *Heidi L. Sachs,* for petitioner.

*Abbey, Fox & Jaffe, Mark Jaffe,* and *Martin D. Fox,* for respondents.

ROSELLINI, J.—Petitioner, Puget Sound Power and Light Company, challenges the Court of Appeals decision which reversed a defense verdict in its favor. The Court of Appeals held that judgment notwithstanding the verdict was proper and that petitioner was required to exercise the highest standard of care in a case involving the maintenance of a lamp serviced by a 120–volt current. We reverse on both issues but find, as did the Court of Appeals, that the jury was improperly instructed on the issue of proximate cause. We therefore remand for a new trial on all issues.

This case arises from the following facts:

On December 9, 1978, respondent Allan Brashear, an experienced cable installer employed by Viacom Cablevision, went to a Mercer Island home to make a routine installation. The work required that respondent climb a utility pole owned and maintained by petitioner.

The cable wiring was located 22 feet above the ground. The utility pole also supported a streetlamp located 3 feet below the cable. It was served by a 120–volt current.

Respondent ascended the pole without either donning a safety harness or putting on insulated gloves. Upon reaching the streetlamp, respondent tested it to see if it would support his weight. Then, with one hand on the streetlamp,

respondent reached for a telephone cable with the other. The simultaneous contact with a grounded cable and the streetlamp resulted in respondent receiving an electrical shock. His hand remained clamped onto the cable until he lost consciousness several seconds later. He then fell from the pole and sustained serious injuries from the resulting impact with the ground.

Later investigation revealed that birds had nested inside the streetlamp. The wet nesting materials had short–circuited the lamp, causing a 90–volt differential between the lamp casing and the grounded telephone cable.

Respondent filed suit against petitioner, alleging negligence in (1) failing to equip the streetlight with guards that would prevent the entry of birds; (2) failing to inspect with sufficient frequency to discover the nests; (3) failing to ground the lamp case so as to prevent a voltage differential of this sort from occurring; and (4) failing to warn the public of dangers associated with its poles.

Petitioner denied negligence and alleged that respondent was contributorially negligent in (1) failing to use proper safety equipment; (2) failing to test the streetlamp for voltage with a voltage meter; and (3) making simultaneous contact with a possible voltage source and a ground. Petitioner also alleged that the negligence of respondent's employer was the proximate cause of respondent's injuries.

The jury found, in answer to interrogatories, that Puget Power was negligent but that its negligence was not the proximate cause of respondent's injuries. The court denied respondent's motion for judgment notwithstanding the verdict and entered judgment on the verdict dismissing the complaint. On appeal, the Court of Appeals, Division One, reversed. *Brashear v. Puget Sound Power & Light Co.,* 33 Wn. App. 63, 651 P.2d 770 (1982). It found that the jury's verdict was not supported by substantial evidence and entered a judgment notwithstanding the verdict. It remanded the case for a new trial on the issues of contributory negligence and damages. We granted Puget Power's petition for review. We now reverse in part and affirm in

part.

The Court of Appeals found first that the jury had been improperly instructed on the issue of proximate cause. With this conclusion we agree. The issue arises from the trial court's failure to give plaintiff's proposed instruction based on WPI 12.04, which states:

> There may be more than one proximate cause of the same occurrence. If you find that the defendant was negligent and such negligence was a proximate cause of the injury or damage to the plaintiff, it is not a defense that some other cause or the act of some other person or company who is not a party to this lawsuit may also have been a proximate cause.
>
> However, if you find that the sole proximate cause of injury or damage to the plaintiff was some other cause or the act of some other person or company who is not a party to this lawsuit then your verdict should be for the defendant.

Clerk's Papers, at 45.

■ The official comment to this instruction suggests that the instruction is appropriate when the act of some person who is not a party to the suit may have concurred with defendant's negligence to produce the injury. Here, both defendant's and plaintiff's theories suggested that the accident may have been caused by third persons. Thus, under the facts of this case, the instruction would have been appropriate.

Petitioner argues, however, that instruction 23, based on WPI 15.01, was sufficient to inform the jury that the event could have more than one proximate cause. That instruction provides:

> The term "proximate cause" means a cause which in a direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.
>
> There may be one or more proximate causes of an injury.

Clerk's Papers, at 77. Under the circumstances of this case, we hold that it was error not to give the WPI 12.04 instruction. We believe the failure to give this instruction,

given the complexity of the proximate cause issue, caused confusion. Although WPI 15.01 did alert the jury of the possibility of multiple proximate causes, it did not inform the jury as to the effect that such a finding has upon defendant's liability. WPI 12.04 avoids such confusion by instructing the jury that the act of another person, though *a* proximate cause of the accident, does not excuse the defendant's negligence unless the other party's negligence was the *sole* proximate cause of the plaintiff's injuries. The failure to give a properly requested, adequate set of instructions on the issue of proximate cause thus was prejudicial. *See generally Jonson v. Chicago, M., St. P. & Pac. R.R.,* 24 Wn. App. 377, 380, 601 P.2d 951 (1979). We believe that this prejudice warrants remanding the case for a new trial.

The Court of Appeals concluded, on the other hand, that an apparent inconsistency in the verdict justified its entering a judgment notwithstanding the verdict in plaintiff's favor. The Court of Appeals was concerned because the jury found that petitioner was negligent but that the negligence was not the proximate cause of respondent's injuries. It resolved this inconsistency by holding as a matter of law that proximate cause existed. The case was then remanded for trial only on the issues of damages and plaintiff's contributory negligence.

Petitioner challenges the Court of Appeals resolution of the inconsistency by arguing that the verdict is inconsistent only if the jury finds petitioner negligent in permitting its lamp to become energized. Petitioner argues that under one of the plaintiff's other theories of negligence, *i.e.,* failure to warn, the verdict would not be inconsistent. Petitioner urges since this is a permissible inference, the jury verdict should be reinstated. We disagree.

■ The standard for a judgment notwithstanding the verdict was recently outlined in *Hojem v. Kelly,* 93 Wn.2d 143, 145, 606 P.2d 275 (1980). There, the court noted:

A motion for a judgment n.o.v. should not be granted unless the court can say, as a matter of law, that there is

neither evidence nor reasonable inference therefrom sufficient to sustain the verdict. All evidence must be viewed in the light most favorable to the party against whom the motion is made. *Grange v. Finlay,* 58 Wn.2d 528, 364 P.2d 234 (1961). There must be "substantial evidence" as distinguished from a "mere scintilla" of evidence, to support the verdict—*i.e.,* evidence of a character "which would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed." A verdict cannot be founded on mere theory or speculation. *Arnold v. Sanstol,* 43 Wn.2d 94, 98, 260 P.2d 327 (1953).

Given this high standard for taking a case from the jury, it appears that this question is close.

On balance, however, we find that the Court of Appeals erred in entering the judgment notwithstanding the verdict. Although the verdict appears inconsistent when analyzed, as the Court of Appeals did, using the first three theories of negligence, we believe the strong presumption in favor of jury verdicts evident in the above standard requires a contrary result. Under this standard, petitioner is entitled to all reasonable inferences. We conclude the standard requires that we infer the jury found the petitioner was negligent in failing to warn the public of the danger involved in climbing the pole. If we examine the jury's verdict in this light, the apparent inconsistency disappears. The jury merely concluded that the power company had an obligation to warn but that such a warning would not have prevented the accident. Here, there was evidence that respondent was aware of the dangers but took none of the proper precautions, such as wearing either his safety belt or gloves, testing for voltage, or avoiding the potentially energized source—any of which would have prevented the accident. These facts would enable the jury to conclude that respondent's own conduct rather than the petitioner's caused his injuries.

Had the jury been properly instructed, our conclusion would warrant reinstatement of its verdict. It was not, however, and we can only speculate as to whether, if properly instructed, it would have reached the same result.

Thus, we believe the best course, given the complexity of the case as well as the inadequate instructions, is to order a new trial.

Finally, we reject the Court of Appeals statement of the standard of care applicable to these facts. It stated that standard as follows:

> The jury should have been instructed . . . that power companies are held to the highest standard of care in those cases where the current may cause death or serious injury.

*Brashear v. Puget Sound Power & Light Co., supra* at 72.

■ We find that the judge properly instructed the jury as to the standard of care by giving it instruction 15.

> Electric companies are bound to use reasonable care in the construction and maintenance of their lines and apparatus, that is, such care as a reasonable man would use under the circumstances, and will be responsible for any conduct, falling short of this standard. It follows from this rule, that the amount of care necessary varies with the danger which is incurred by negligence, for a prudent and reasonable man increases his care with the increase of danger.

Clerk's Papers, at 70.

This instruction is based upon the following language in *Vannoy v. Pacific Power & Light Co.*, 59 Wn.2d 623, 632, 369 P.2d 848 (1962) (quoting *Scott v. Pacific Power & Light Co.*, 178 Wash. 647, 650, 35 P.2d 749 (1934)):

> [T]he amount of care necessary varies with the danger which is incurred by negligence, for a prudent and reasonable man increases his care with the increase of danger. If but little danger is incurred, as, for instance, when the wires carry only a harmless electric current, . . . only ordinary care may be required. While if the wires carry a strong and dangerous current of electricity, so that negligence will be likely to result in serious accidents, and perhaps death, . . . a very high degree of care, indeed, the highest that human prudence is equal to, is necessary.

*Vannoy* involved an electrical line which carried 69,000 volts of electricity. Because of this high voltage, in *Vannoy*

as in other high voltage cases, *see, e.g., Scott v. Pacific Power & Light Co.,* 178 Wash. 647, 35 P.2d 749 (1934) (6,600 volts); *Frisch v. PUD 1,* 8 Wn. App. 555, 507 P.2d 1201 (1973) (7,200 volts); *Keegan v. Grant Cy. PUD 2,* 34 Wn. App. 274, 661 P.2d 146 (1983) (7,620 volts), the court applied the general rule discussed above and approved a jury instruction that suggested to the jury that the power company owed the duty of "'highest care that human prudence is equal to.'" *Vannoy,* at 633.

Here, the lamp was serviced by an ordinary 120–volt current similar to that found in most homes. The Court of Appeals discounted this fact, however, and reasoned that the combination of the location of the line some 20 feet above the ground and the voltage could result in serious injury or death. It thus justified applying the highest degree of care standard. We find this reasoning unpersuasive and reject such a rule. Our prior cases have restricted the highest degree of care standard to high voltage cases for good reason. In high voltage cases, the risk of death is so great that the utilities are obligated to exercise the utmost care. Requiring an equally high standard in low voltage cases simply is not justified by the nature of the risk. We therefore reaffirm the rule stated in *Vannoy* and reverse the Court of Appeals holding as to the standard of care.[1]

The case is remanded for a new trial in accordance with this opinion.

WILLIAMS, C.J., UTTER, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DORE, J., concurs in the result.

Reconsideration denied October 6, 1983.

---

[1]The Court of Appeals restricted the issues on retrial to a determination of plaintiff's contributory negligence and damages. Our disposition of this case makes it unnecessary to reach the issue of whether the new trial can ever be so limited.