**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM V. LANGFITT III, individually and as executor for the estate of William V Langfitt IV; PATRICIA E. LANGFITT, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PIERCE COUNTY; et al., <br><br> Defendants-Appellees. | No.   23-35121 <br><br> D.C. No. 3:21-cv-05122-BHS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 11, 2024
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BRESS, Circuit Judges.

The Estate of William Langfitt III ("Langfitt") appeals the dismissal of

various state law claims and the grant of summary judgment in Pierce County's ("the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

County") favor on his federal claims, all of which arose from a Pierce County Deputy Sheriff's ("Deputy Edwards") use of deadly force when responding to an erratic man who was reportedly charging vehicles on a rural highway. We have jurisdiction pursuant to 28 U.S.C. § 1291, and for the reasons below, we affirm in full.

1. Langfitt's state law claims were properly dismissed. Motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6) are "functionally identical," *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989), and we review both orders de novo, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). In doing so, we accept all well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to Langfitt. *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). Both motions are properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Heliotrope*, 189 F.3d at 978–79.

The state law claims on appeal were not plausibly pleaded and, thus, properly dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Langfitt's negligence claim failed to allege a plausible theory of proximate cause, *see Brashear v. Puget Sound Power & Light Co.*, 667 P.2d 78, 80 (1983); his state discrimination claim failed to plausibly allege

2

that Deputy Edwards used deadly force because of Langfitt's mental illness rather than his conduct, *City of Seattle v. McConahy*, 937 P.2d 1133, 1142 (1997) (citing *Doe v. Boeing Co.*, 846 P.2d 531, 534 (1993)); and no facts supported necessary elements of Langfitt's outrage claim, *Chambers-Castanes v. King Cnty.*, 669 P.2d 451, 459 (1983). For example, no members of his immediate family were present during the shooting, and Langfitt's partner, Naomi Powers, was not the object of Deputy Edwards's actions. *See id.* Langfitt's remaining state law claims advanced theories of vicarious liability, not standalone causes of action. Given that Langfitt's claims are either futile or have already been previously amended, as well as Langfitt's sustained failure to outline plausible claims on appeal, we affirm the dismissal of his state law claims with prejudice. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

2.     We also affirm the grant of summary judgment on Langfitt's 42 U.S.C. § 1983 claims, which alleged a Fourth Amendment claim against Deputy Edwards and a *Monell* claim against the County. We review a grant of summary judgment de novo, *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019), and view genuinely disputed facts "in the light most favorable to the nonmoving party," *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). Summary judgment is only appropriate "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). No reasonable jury could find for Langfitt on either claim.

"As to a municipality, 'the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (quoting *City of Canton v. Harris*, 489 U.S. 387, 388 (1989)). Under this standard, Langfitt needed to show that the County "disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Id.* at 1159 (brackets in the original). But he has not done so. Instead, without citing authority, he alleges that Deputy Edwards's conduct did not comport with the County's Vehicle Use policy, and the opening brief simply points to Deputy Edwards's statement that he was never trained on how to respond to this specific scenario.

Without more, these assertions are insufficient to establish genuine fact disputes on Langfitt's *Monell* claim. A "pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 56, 62 (2011)). Langfitt does not offer evidence suggesting a pattern of similar

4

violations that might have put the County on "notice that a course of training [was] deficient in a particular respect, [or] that the absence of such a course [would] cause violations of constitutional rights." *Id.* (cleaned up). Thus, summary judgment was properly granted on Langfitt's *Monell* claim.

Summary judgment was also properly granted because Deputy Edwards is entitled to qualified immunity. Qualified immunity shields law enforcement from liability for civil damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A right is clearly established when "every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (cleaned up). "Thus, liability will not attach unless there exists 'a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.'" *Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam)).

After resolving the genuine factual disputes in Langfitt's favor, we find that no such case exists. Viewed in the best possible light, the undisputed facts show that Deputy Edwards used deadly force after he was charged by a mentally disturbed

5

man who pivoted his body toward and moved to enter the open driver's-side door of a running patrol car, which was positioned near at least five bystanders. This conduct is quite different from the cases that Langfitt cites to show his Fourth Amendment rights were clearly established during the shooting.

By far, the most on-point binding authority is *Deorle v. Rutherford*, 272 F. 3d 1272 (9th Cir. 2001). But in that case, we held the officer's use of lethal force against a mentally disturbed suspect was excessive where the suspect was merely walking across his front yard with weapons that posed no immediate threat of harm after having complied with officers' earlier instructions as they monitored his behavior over the course of an hour. *See id.* at 1282–83. By contrast, Langfitt's conduct posed a much more immediate, serious, and direct threat. Further, *Curnow v. Ridgecrest Police*, 952 F. 2d 321 (9th Cir. 1991), is also distinguishable in material ways. That case involved a suspect who was not mentally disturbed, and the incident occurred in a much more contained environment (inside of a private home) where only the suspect's partner and the responding officers were at risk of harm. *Id.* at 323. Although *Curnow*, like this case, also involved questions of fact that turned on the credibility of eyewitness testimony, the circumstances there were somewhat less exigent, and we held that the defendant-officers were not entitled to qualified

6

immunity.  *Id.* at 326.  In light of these differences, neither case clearly establishes Langfitt's Fourth Amendment right to be free from deadly force.

Indeed, the case that involves the most similar risk of harm suggests that Deputy Edwards's conduct was lawful.  In *Long v. Slaton*, an officer used deadly force against a mentally disturbed suspect who entered his patrol vehicle and began to drive away, even after receiving warnings that he would be shot if he moved the vehicle.  508 F.3d 576, 581 (11th Cir. 2007).  There, the Eleventh Circuit held that there was no Fourth Amendment violation.  *Id.* at 584.  Although the parties disagree about how close Langfitt was to operating the patrol vehicle and whether he received any warnings, "we think the police need not have taken that chance and hoped for the best."  *Mullenix v. Luna*, 577 U.S. 7, 17 (2015) (quoting *Long*, 508 F.3d at 583).  Thus, Langfitt failed to show that his right to be free from deadly force was clearly established.

Accordingly, the grant of summary judgment is affirmed.

**AFFIRMED.**