[No. 32273.   Department Two.   January 9, 1953.]

EMMA JANE MILLER, *Respondent*, v. CHARLES C. CODY *et al.*, *Appellants.*[1]

*Olson & Palmer* and *John Wm. McArdle,* for appellants.

*Velikanje & Velikanje* and *John S. Moore, Jr.,* for respondent.

[1]Reported in 252 P. (2d) 303.

HAMLEY, J.—Emma Jane Miller brought this action against Charles C. Cody and Mrs. Cody to recover for personal injuries and property damage sustained in an automobile accident. The accident occurred at a "T" type street intersection in Yakima, Washington, on February 28, 1949, when a vehicle driven by Mr. Cody collided with the rear of a car driven by Mrs. Miller.

The case was tried to a jury. At the conclusion of the trial, plaintiff moved that the jury be directed to return a verdict for plaintiff, the amount of damages to be fixed by the jury. The motion was denied. This same request was made in plaintiff's proposed instruction No. 8, and plaintiff duly excepted to the failure to give this instruction.

The jury returned a verdict for defendants. The trial court thereafter denied plaintiff's motion for judgment notwithstanding the verdict, but granted her motion for a new trial, except as to property damage, the claim for which had been withdrawn. Defendants appeal. Mr. Cody will be referred to as if he were the only defendant and appellant.

Superior Court Rule 16, 34A Wn. (2d) 117, requires the trial court, in granting a motion for a new trial, to give definite reasons of law and fact for so doing. In complying with this rule in the instant case, the trial court did not specifically refer to any of the nine causes for which a new trial may be granted, as set out in Rule 16. Instead, the court gave its reasons as follows:

"On the ground that from the testimony as a matter of law the defendants were negligent in failing to keep a proper lookout and in failing to follow at such a distance and speed that an emergency stop could safely be made, and on the further ground that there was no evidence from which the jury could determine as to whether or not the plaintiff was guilty of contributory negligence and that there was uncontroverted evidence of some physical injury suffered by the plaintiff and that it was therefore error to submit the issue of negligence to the jury."

It will be observed that the reasons thus given cover the question of appellant's negligence, respondent's contributory negligence, and damages. We will first consider the correct-

ness of the trial court's conclusion that appellant was negligent as a matter of law.

South Front street, in the city of Yakima, runs north and south and is intersected at right angles on its east side by Chestnut street. At this intersection, neither street is an arterial and there are no traffic signals. There are buildings, flush with the sidewalk, on the northeast and southeast corners of the intersection. These buildings tend to obstruct the view of drivers approaching the intersection from the east on Chestnut street. The accident occurred shortly after five o'clock p. m. It was then daylight, visibility was good, and the streets were dry.

Respondent, traveling west on Chestnut street, approached the intersection, intending to make a left-hand turn and travel south on South Front street. There was traffic on South Front street at the time, and so respondent brought her vehicle to a stop about even with the east side of the north-south crosswalk. A few seconds later appellant, also traveling west on Chestnut, approached respondent's vehicle from the rear, having the similar intention of making a left-hand turn onto South Front street. When appellant first noticed respondent's car, it was stopped at the intersection.

Mrs. Miller and Mr. Cody were the only witnesses to the collision. The facts so far related are not in dispute, but the witnesses disagree as to what then transpired. Mrs. Miller testified that, after she came to a stop as described above, Cody's vehicle struck her car from the rear, causing the alleged personal injuries and property damage. We disregard her testimony, however, and accept Cody's version of how the accident occurred, since the jury verdict was in his favor.

Cody testified that he brought his car to a stop about six feet behind Mrs. Miller's vehicle. After a short space of time, Mrs. Miller proceeded forward at a slow pace, apparently observing the traffic on South Front street. After about twelve feet had opened up between the two cars, Cody proceeded forward, traveling at a speed of from four to six

miles an hour. When Mrs. Miller's car had traveled about eight to ten feet, so that it had about reached the west side of the crosswalk, she made a second stop. Cody, though watching her car as well as the traffic, apparently failed to note Mrs. Miller's second stop and collided with the rear bumper of her car. Cody was unable to say how far away his vehicle was when Mrs. Miller made her second stop, or whether she signaled for such a stop.

■ Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. *Tackett v. Millburn,* 36 Wn. (2d) 349, 218 P. (2d) 298. The following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made. *Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270; *Larpenteur v. Eldridge Motors,* 185 Wash. 530, 55 P. (2d) 1064; *Cronin v. Shell Oil Co.,* 8 Wn. (2d) 404, 112 P. (2d) 824.

■ In the instant case, Cody was not confronted with any situation approaching an emergency. As the driver of the following car, he was chargeable with knowing that the car ahead, which was edging out into the cross-traffic of an intersecting street, might come to an abrupt stop. He nevertheless failed to observe this event when it did occur, or at least did not maintain such distance or have such control of his car that he could avoid the collision. Accepting at face value appellant's account of how the accident occurred, we are therefore of the view that the trial court did not err in holding appellant negligent as a matter of law.

On the question of respondent's contributory negligence, it will be noted that the trial court did not specifically hold that she was innocent of contributory negligence as a matter of law. What the court stated is that there was no evidence from which the jury could determine "as to whether or not" respondent was guilty of contributory negligence. But, since the burden of proving contributory negligence rests with

the defendant (appellant), the purport of the trial court's ruling is that it must be held, as a matter of law, that appellant failed to prove contributory negligence.

■ Examination of the record indicates that Cody, who presented the only testimony in support of his version of the accident, did not testify to a single fact tending to show that respondent was contributorily negligent. He did not testify that she failed to give a left turn signal before starting into the intersection. He did not testify that she entered the intersection heedless of cross-traffic. He did not testify that she entered at an excessive speed, that she failed to give a stop signal with her hand, or that she stopped unnecessarily or with unreasonable abruptness.

The testimony which Cody did give, on the other hand, tended to negative his claim that respondent was contributorily negligent. He testified that there was cross-traffic on South Front street, that Mrs. Miller proceeded forward at a slow pace, "apparently observing" such traffic, and that she brought her car to a stop the second time before actually entering the street intersection.

In view of the foregoing, it is our opinion that the trial court did not err in holding, as a matter of law, that appellant had failed to prove contributory negligence.

■ On the question of damages, the trial court concluded, as a matter of law, that there was "uncontroverted" evidence of some physical injury suffered by the plaintiff. In so holding, the trial court went further than was necessary to support the order granting a new trial. After having determined that appellant was negligent as a matter of law, and that appellant had failed to prove contributory negligence, it was not necessary to find that evidence of physical injury was "uncontroverted," but only that there was substantial evidence thereof, which would have warranted a verdict for monetary damages.

We are of the opinion, after reviewing the testimony, that there was substantial evidence of this character.

■ The conclusions we have reached regarding the three reasons advanced by the trial court in granting the motion

for new trial indicate that, in failing to limit the jury to the issue of damages, as requested in respondent's motion and proposed instruction, the trial court committed error in law at the trial. This being the eighth ground for granting a new trial, under Rule 16, *supra,* the trial court did not err in granting respondent a new trial.

The order is affirmed.

SCHWELLENBACH, C. J., HILL, FINLEY, and OLSON, JJ., concur.