[No. 1553-1. Division One. October 23, 1973.]

JOHN J. BONICA et al., Respondents, v. GORDON W. GRACIAS et al., Appellants.

*Wolf, Hackett, Beecher & Hart, James M. Beecher* and *Wayne C. Vavrichek,* for appellants.

*Eisenhower, Carlson, Newlands, Reha, Elliott & Henriot* and *Ronald A. Roberts,* for respondents.

JAMES, J.—The single question presented in this appeal is whether the trial judge erred in directing a plaintiffs' verdict. His ruling reflected his determination that the evidence required him to conclude as a matter of law that the defendant Gracias was primarily negligent and there was no evidence to support a jury finding that plaintiff Bonica was contributorially negligent.

The facts are not in substantial dispute. At least five cars were proceeding down an entrance ramp leading to Interstate 5. The first car in line stopped suddenly instead of merging with the freeway traffic. The second car likewise stopped suddenly and was in turn "tapped" by the third car which was also brought to a sudden stop. Bonica was the driver of the fourth car in line. He testified that:

> [T]here were several cars ahead of me. And at one point I realized the fellow in front of me stopped suddenly, and I realized the fellow in front of him had stopped. They were actually quite aways from the entrance to the freeway, and I don't recall whether there was a car in front of him, but I recall there was a car in front of me, and in front of him, obviously. Apparently the car in front of him stopped suddenly, and he stopped suddenly, and I saw the stop and I braced myself. I held onto the wheel and slammed on the brakes, and I came in contact with the car. It was a mild impact.

On cross-examination Bonica testified that because the car ahead of him stopped suddenly, he also stopped suddenly, and that immediately thereafter was struck by the fifth car in line which was driven by Gracias.

Gracias testified that immediately prior to the collision he was keeping pace with the line of traffic, a "couple of

car lengths behind the Bonica car," and he was suddenly confronted with the fact that the Bonica car had struck the car it was following. He applied his brakes as hard as possible, but was unable to stop his car before it collided with the Bonica car.

■ Under these facts, the trial judge correctly determined that Gracias was negligent as a matter of law. The duty of a following driver is clear and has frequently been reaffirmed.

> Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. [Citations omitted.] The following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made. [Citations omitted.]

*Miller v. Cody,* 41 Wn.2d 775, 778, 252 P.2d 303 (1953).

As pointed out in *Felder v. Tacoma,* 68 Wn.2d 726, 415 P.2d 496 (1966), a following driver is bound to anticipate that the car ahead of him may stop suddenly when approaching a street intersection. The trial judge appropriately observed that a freeway entrance ramp is a classic example of an area where abrupt stops should be anticipated. Gracias was not confronted with an "emergency" as that term is used in defining the following car doctrine.

We are persuaded, however, that the trial judge erred in concluding that there was no evidence to support a jury finding of contributory negligence.

■ In *Miller v. Cody, supra* at 778, as here, the trial judge did not conclude as a matter of law that the plaintiff was "innocent of contributory negligence." Rather, he concluded that there was "no evidence from which the jury could determine 'as to whether or not' [plaintiff] was guilty of contributory negligence," and that since the defendant had not met his burden of proving contributory negligence, the issue could not be submitted to the jury.

In affirming, however, the court in *Miller* enumerates a number of possible actions on the part of the plaintiff which would have required the issue of contributory negligence to be submitted to the jury. The court said:

Examination of the record indicates that [defendant], who presented the only testimony in support of his version of the accident, did not testify to a single fact tending to show that [plaintiff] was contributorily negligent. He did not testify that she failed to give a left turn signal before starting into the intersection. He did not testify that she entered the intersection heedless of cross-traffic. He did not testify that she entered at an excessive speed, that she failed to give a stop signal with her hand, or that she stopped unnecessarily or *with unreasonable abruptness.*

(Italics ours.) *Miller v. Cody, supra* at 779.

On cross-examination Gracias testified:

Q. You made a misjudgment and the cars ahead came to a stop, and you just didn't have enough room to come to a stop, isn't that the situation?

A. Yes, but you see, when the man ahead of you hits something ahead of him, he comes to a stop very abruptly, yes, whether he hits something or not, if he is able to brake his car in a certain distance, I am able to brake in a certain distance, but when his distance is shortened by an impact, my distance is shortened also.

In his oral ruling the trial judge observed that as between Bonica and the driver of the car he followed, Bonica was no doubt primarily negligent as a matter of law—as was Gracias as to Bonica—but that "it would be speculation to allow the contributory negligence aspect to go to the jury."

In view of Gracias' testimony, a question of fact is presented. Was Bonica's sudden stop one of "unreasonable abruptness" and therefore a cause contributing to his being struck by Gracias' car? The question of Bonica's possible contributory negligence should be submitted to the jury.

Duties—Leading Vehicle—Slowing or Stopping—Question of Law or Fact.

Ordinarily the question whether the driver of a leading

vehicle was negligent or contributorily negligent in the manner in which he stopped or slowed down on the highway is a question of fact for the jury. Likewise, incidental questions pertinent to his negligence or exercise of care in stopping or slowing down, such as whether he was justified in stopping or slowing down, whether he made a sudden stop[,] whether he had a duty to give a warning of his intention to the driver of a following vehicle, and whether he gave a sufficient warning of his intention, are usually questions of fact for the jury.

(Footnotes omitted.) 2 D. Blashfield, *Automobile Law & Practice* § 113.11 (3d ed. 1965).

Remanded.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied December 19, 1973.

Review granted by Supreme Court February 4, 1974.