[No. 43086.　En Banc.　July 11, 1974.]

JOHN J. BONICA et al., Petitioners, v. GORDON W. GRACIAS et al., Respondents.

*Ronald A. Roberts* (of *Eisenhower, Carlson, Newlands, Reha, Elliott & Henriot*), for petitioners.

*Wolf, Hackett, Beecher & Hart,* by *James M. Beecher,* and *Wayne C. Vavrichek,* for respondents.

BRACHTENBACH, J.—Defendants' car crashed into the rear of plaintiffs' car on a freeway entrance ramp and this liti-

gation ensued. The trial court directed a verdict for plaintiffs, holding defendant driver liable as a matter of law. The court further refused to submit to the jury the issue of plaintiff driver's contributory negligence, finding that the evidence was not sufficient to rise above speculation on that issue. The Court of Appeals affirmed the ruling as to the defendant's negligence, but reversed as to the contributory negligence holding. *Bonica v. Gracias*, 9 Wn. App. 817, 515 P.2d 169 (1973). The Court of Appeals found that there existed a question of fact as to the plaintiff's contributory negligence. We reverse the Court of Appeals on the contributory negligence issue and affirm the trial court on both rulings.

The Court of Appeals opinion sets forth the facts and applicable rules of law with regard to defendant's negligence. We adopt and approve its analysis as to the defendant's being negligent as a matter of law.

■ We disagree, however, with the Court of Appeals conclusion that there was sufficient evidence to raise a jury question on the issue of contributory negligence. There must be substantial evidence that plaintiff's own negligence proximately contributed to the injury or evidence from which such negligence can be reasonably inferred. *Jackson v. Seattle*, 15 Wn.2d 505, 131 P.2d 172 (1942).

The only contention by defendant is that the plaintiff's stop was unreasonably abrupt because plaintiff struck the car ahead of him. It does not follow that such abrupt stop was a proximate cause of the collision between plaintiff and defendant. It is apparent that if plaintiff had stopped just short of the car ahead, the defendant would have still struck plaintiff's car. As the trial court observed, a freeway entrance ramp presents a classic example of an area where abrupt stops should be anticipated. The expected is exactly what occurred here.

Defendant presented no evidence of plaintiff's contributory negligence except the fact that plaintiff made an abrupt stop. Defendant failed to prove that but for plaintiff's

abrupt stop the collision would not have occurred. That was defendant's burden and he failed to meet it. *Everest v. Riecken*, 26 Wn.2d 542, 174 P.2d 762 (1946).

The Court of Appeals is affirmed as to defendant's negligence, and reversed on the contributory negligence issue.

HALE, C.J., FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., and RYAN, J. Pro Tem., concur.