[Nos. 1623–3; 1624–3.    Division Three.    February 9, 1977.]

RICK A. RAY, ET AL, *Respondents,* v. WALTER L. CYR, ET AL, *Appellants,* UNION PACIFIC RAILROAD COMPANY, *Respondent.*

DARRELL KLUTH, ET AL, *Respondents,* v. WALTER L. CYR, ET AL, *Appellants,* UNION PACIFIC RAILROAD COMPANY, *Respondent.*

*Nashem, Prediletto, Brooks, Schussler & Halpin* and *Don W. Schussler,* for appellants.

*Perry J. Robinson, Hovis, Cockrill & Roy, Pat Cockrill, Hamblen, Gilbert & Brooke, P.S.,* and *Wm. F. Nielsen,* for respondents.

McINTURFF, C.J.—Beverly A. Cyr, a minor, and her parents, appeal from an adverse summary judgment finding Beverly A. Cyr negligent as a matter of law in a rear–end collision, and finding the Union Pacific Railroad, a third–party defendant, free of negligence in the same collision. We affirm.

We are asked on this appeal to review the granting of summary judgment, upon motion by all parties to the trial court. The court, in *Ciminski v. Finn Corp.,* 13 Wn. App. 815, 537 P.2d 850 (1975), at 816, states:

> A summary judgment is properly granted if the pleadings, affidavits, depositions and admissions before the trial court show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. For summary judgment purposes, we are required, as was the trial court, to view the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party and most strongly against the movant. The motion may be granted only if reasonable men could reach but one conclusion from this evidence.

We first review the material facts of the case. Beverly Cyr had been following a car driven by Rick Ray for several blocks. The cars were travelling at 25 m.p.h. in the center lane of B Street, a 3–lane, 1–way street in Yakima, Washington. The day was sunny, traffic moderate, and the pavement dry. As he approached a railroad crossing, Mr. Ray first heard and then saw a Union Pacific switch engine appear at the edge of the street. At this time his vehicle was 30 to 40 feet from the first of three railroad tracks comprising the crossing. According to Mr. Ray, he stopped

his vehicle 10 feet from the first track, and 20 feet from the center track occupied by the switch engine.

The switch engine continued to move at walking speed, about 2 to 4 m.p.h., as it entered and proceeded across B Street. After an appreciable lapse of 3 to 6 seconds allowing the switch engine to move to the center of B Street, there was a squealing of tires as the following vehicle, driven by Beverly Cyr, struck Mr. Ray. This statement of events is related in the depositions of Ronald D. Jennings, train conductor, James G. Themelis, train engineer, and Mr. Ray.

Material facts in the deposition of Beverly Cyr are largely in agreement with this statement of events. Miss Cyr had been following the lead vehicle at a safe distance, approximately 40 feet or 2 1/2 car lengths. She was entirely familiar with B Street and this railroad crossing, having driven the route 5 days a week for 1 year to school. As the cars approached the B Street crossing, Miss Cyr "glanced" in her rearview mirror. She did not slow her vehicle, had not seen the train, and heard no signal. As she again looked forward, the switch engine was in the crossing, moving slowly. Unfortunately for Miss Cyr, she was already upon the lead vehicle stopped at the crossing. She had insufficient time to stop her vehicle before collision, even with hard braking.

According to Miss Cyr, vehicles travelling to her left and right made "regular" stops at the crossing, without skidding or apparent difficulty. Mr. Ray had made a similar stop, "fairly rapid", but without locking his brakes or squealing his tires. The deposition of his passenger, Dorothy Kluth, coincides with this estimation, wherein Mrs. Kluth states she bumped her head and spilled her pop as a result of the stop. Mrs. Kluth was sitting forward in her seat, without a seatbelt, and was "busy talking" to her sister, Mrs. Ray, at the time.

Upon these facts presented by the parties to the trial court in support of summary judgment, we conclude there exists no substantial question as to any material fact upon which reasonable minds could differ. A Union Pacific switch

engine entered the B Street crossing in a safe, prudent, and reasonable manner, creating no emergency situation for approaching drivers. That the lead vehicle, driven by Mr. Ray, came to a quick but normal stop is indicative of the reasonable manner in which the switch engine entered the crossing. Railroad safety signals at the crossing were adequate. The appearance of the switch engine in the crossing, causing the lead vehicle to stop, was a situation to be reasonably anticipated by any following driver. However, the following driver, Miss Cyr, failed to respond in time to avoid collision. Miss Cyr was an inattentive driver, as reflected by her untimely glance in the rearview mirror as she approached the known crossing.

There being no substantial question of material fact, we turn to applicable rules of law in deciding whether any party is entitled to summary judgment. The duty of a following driver is well established in *Miller v. Cody*, 41 Wn.2d 775, 252 P.2d 303 (1953), which states at page 778:

> Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead.[1]

However, the following driver will be relieved of her primary duty of avoiding a rear-end collision when circumstances create an extreme emergency, making collision unavoidable.

> While the following driver has the primary duty of avoiding an accident he is not necessarily guilty of negligence as a matter of law simply because he collides with the vehicle in front of him. . . . A prima facie showing of negligence may be overcome by evidence that some emergency or unusual condition not caused or contributed to by the following driver caused the collision, in which event the liability of the following driver becomes a jury question.

---

[1]*See also Ryan v. Westgard*, 12 Wn. App. 500, 505, 530 P.2d 687 (1975).

(Citations omitted.) *Vanderhoff v. Fitzgerald,* 72 Wn.2d 103, 105–06, 431 P.2d 969 (1967).[2]

Applying these principles to present facts, the primary duty of avoiding rear–end collision was upon Miss Cyr. Material facts further disclose no emergency or unusual condition, created by the Union Pacific Railroad, Mr. Ray, or other third party, sufficient to relieve Miss Cyr of her primary duty. Beverly Cyr was following at a safe speed and distance, and thus had time to respond to normal traffic situations. But she failed to respond in this situation, one to be reasonably anticipated in the vicinity of a known crossing. She thus breached her duty of due care, a duty imposed by law, proximately causing the collision.

Material facts in evidence do not support the contention of Miss Cyr that reasonable minds could differ upon the claimed creation of an emergency by the Union Pacific Railroad at the B Street crossing.

Summary judgment against Beverly Cyr and summary judgment dismissing the Union Pacific Railroad as a third–party defendant was proper.

Judgment of the Superior Court is affirmed.

MUNSON, C.J., and GREEN, J., concur.

---

[2]*See James v. Niebuhr,* 63 Wn.2d 800, 802, 389 P.2d 287 (1964); *Rhoades v. DeRosier,* 14 Wn. App. 946, 949, 546 P.2d 930 (1976).