[No. 21424-9-III.   Division Three.   July 17, 2003.]

BERTHA RIOJAS, *Appellant*, v. GRANT COUNTY PUBLIC UTILITY DISTRICT, ET AL., *Respondents*.

*Phillip C. Raymond* (of *Ogden Murphy Wallace, P.L.L.C.*), for appellant.

*David E. Sonn* and *Kari D. Kube* (of *Jeffers, Danielson, Sonn & Aylward, P.S.*), for respondents.

KATO, J. — Bertha Riojas appeals the summary dismissal of her claim against the Grant County Public Utility District (PUD) arising from a traffic accident in which she was injured. She contends the superior court improperly concluded as a matter of law that the PUD's negligence was superseded by the negligence of the driver of the car in which she was a passenger. We agree and reverse and remand for trial.

On November 24, 1998, a PUD crew was installing new power lines over State Route (SR) 17 in Grant County. The

crew included two flaggers, Monica Yates and Katie Taft, whose responsibility was to control traffic on the highway. They were instructed to stop traffic while the line was being pulled over the highway, and not to release traffic until the line was tied off and could not sag or drop down onto vehicles.

Several minutes before the operation began, Ms. Yates stopped the southbound traffic on SR 17, and Ms. Taft stopped the northbound traffic. The first vehicle in the line of stopped northbound traffic was a Land O'Lakes truck driven by Merritt Johnson; the second vehicle was a car driven by Earl Knigge, in which Ms. Riojas was a passenger. Before the power line was tied off, Ms. Taft released the northbound traffic, and the line of vehicles began to move through the work area.

Ms. Yates, who had not released the southbound traffic, saw the line drop down onto the Land O'Lakes truck and immediately signaled its driver to stop. The truck stopped, but Mr. Knigge's car did not and collided with the rear of the truck. The driver of the truck, Mr. Johnson, said he was shifting from second to third gear, traveling at about five miles per hour, and the truck traveled only about one foot after Ms. Yates signaled him to stop. He said he stopped "normally" and "without any problem." Clerk's Papers (CP) at 36, 177. The driver of the car behind Mr. Knigge's said: "[Mr. Knigge's car], even though the tanker truck was clearly stopped, kept right on going. It ran right into the back of the trailer of the tanker." CP at 38. In a deposition, the driver said: "But [Mr. Knigge's car] kept going and going and going. And I was just shocked at what I was seeing and that it wasn't going to stop."[1] CP at 184-85.

Ms. Riojas sued Mr. Knigge and the PUD, alleging she was injured in the accident. The superior court granted the PUD's motion for dismissal on summary judgment.

---

[1] The PUD's brief quotes and refers to a declaration of a passenger of the car behind Mr. Knigge's. That declaration, dated November 15, 2002, was not considered by the superior court in its order of August 29, 2002. On review of a summary judgment order, we may consider only the evidence called to the attention of the superior court. RAP 9.12. We thus do not consider this declaration.

In reviewing a summary judgment order, we engage in the same inquiry as did the superior court. *Atherton Condo. Apartment-Owners Ass'n Bd. v. Blume Dev. Co.*, 115 Wn.2d 506, 515-16, 799 P.2d 250 (1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). The burden is on the moving party to establish its right to judgment as a matter of law, and facts and reasonable inferences from the facts are considered in favor of the nonmoving party. *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 452, 842 P.2d 956 (1993). Issues of negligence and proximate cause generally are susceptible to determination on summary judgment only "when reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

To be liable for negligence, a defendant's acts must be a proximate cause of the plaintiff's injury. *Crowe v. Gaston*, 134 Wn.2d 509, 514, 951 P.2d 1118 (1998). An act generally is a proximate cause of an injury if it produces the injury. *Id.* at 519. However, if a new, independent act breaks the chain of causation, it supersedes the original act, which thus is no longer the proximate cause of the injury. *Id.*

"Whether an act may be considered a superseding cause sufficient to relieve a defendant of liability depends on whether the intervening act can reasonably be foreseen by the defendant; only intervening acts which are *not* reasonably foreseeable are deemed superseding causes." *Anderson v. Dreis & Krump Mfg. Corp.*, 48 Wn. App. 432, 442, 739 P.2d 1177, *review denied*, 109 Wn.2d 1006 (1987). A superseding cause exists if the acts of the plaintiff or a third party are " 'so highly extraordinary or unexpected that [they] can be said to fall without the realm of reasonable foreseeability as a matter of law'. If the acts . . . are within the ambit of the hazards covered by the duty imposed upon the defendant, they are foreseeable and do not supersede the defendant's negligence." (Citation omitted). *Brashear v. Puget Sound Power & Light Co.*, 33 Wn.

App. 63, 69, 651 P.2d 770 (1982), *rev'd on other grounds*, 100 Wn.2d 204, 667 P.2d 78 (1983). "The foreseeability of an intervening act, unlike the determination of legal cause in general, is ordinarily a question of fact for the jury." *Anderson*, [48 Wn. App.] at 443. However, where the defendant's negligence, if any, was superseded by the action of the plaintiff or third party as a matter of law, a trial court may grant summary judgment for the defendant. Where the court cannot make such a conclusion the issue is properly submitted to the jury. *Smith v. Acme Paving Co.*, 16 Wn. App. 389, 396-97, 558 P.2d 811 (1976).

*Cramer v. Dep't of Highways*, 73 Wn. App. 516, 520-21, 870 P.2d 999 (1994). The PUD contends that, even if its flagger negligently permitted traffic to proceed under the unsecured power line, its negligence is superseded by Mr. Knigge's negligence. It relies on the "following driver" rule:

> Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. *Tackett v. Milburn*, 36 Wn. (2d) 349, 218 P. (2d) 298 [1950]. The following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made. *Ritter v. Johnson*, 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270 [1931]; *Larpenteur v. Eldridge Motors Inc.*, 185 Wash. 530, 55 P. (2d) 1064 [1936]; *Cronin v. Shell Oil Co.*, 8 Wn. (2d) 404, 112 P. (2d) 824 [1941].

*Miller v. Cody*, 41 Wn.2d 775, 778, 252 P.2d 303 (1953); *see Vanderhoff v. Fitzgerald*, 72 Wn.2d 103, 105-06, 431 P.2d 969 (1967); *Supanchick v. Pfaff*, 51 Wn. App. 861, 865, 756 P.2d 146 (1988); *Ryan v. Westgard*, 12 Wn. App. 500, 505, 530 P.2d 687 (1975); *see also* RCW 46.61.145(1) ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.").

■ Viewing the facts most favorably to Ms. Riojas, the "following driver" rule applies to Mr. Knigge. Indeed, both

Ms. Riojas and the PUD contend Mr. Knigge was negligent and his negligence was a proximate cause of her injury. However, "[t]here may ... be more than one proximate cause of an injury, and the concurring negligence of a third party does not *necessarily* break the causal chain from original negligence to final injury." *Smith v. Acme Paving*, 16 Wn. App. 389, 396, 558 P.2d 811 (1976) (emphasis added).

█ The PUD's argument suggests that because Mr. Knigge is negligent, the PUD cannot also be contributorily negligent. But the "following driver" rule has not been applied in Washington to establish a following driver is *solely* liable, as a matter of law, for injuries resulting from a rear-end collision. Most of the cases on which the PUD relies address the liability of the drivers of the two vehicles involved in the collision; in these cases, there was no proof that a third party, uninvolved in the actual accident, was also liable. *See Phillips v. Richmond*, 59 Wn.2d 571, 369 P.2d 299 (1962); *Miller*, 41 Wn.2d 775; *Supanchick*, 51 Wn. App. 861; *Ryan*, 12 Wn. App. 500.

The PUD cites only one Washington case in which it was alleged that a third party's negligence contributed to the injury resulting from a rear-end collision. In *Ray v. Cyr*, 17 Wn. App. 825, 565 P.2d 817 (1977), the following driver alleged the third-party defendant, Union Pacific Railroad, proximately caused her collision with the vehicle ahead of her, which was stopped at a railroad crossing. This court upheld the superior court's dismissal of the claim against the railroad on summary judgment, holding there was no evidence the railroad had created an emergency situation at the crossing. *Ray*, 17 Wn. App. at 829. The case did not hold that the following driver is the *sole* proximate cause of a rear-end accident as a matter of law.

Neither party has cited the Washington case whose facts most closely resemble those of this case. In *Torrez v. Peck*, 57 Wn.2d 302, 303-04, 356 P.2d 703 (1960), the plaintiff was a passenger in a bus, which was traveling behind a car. Another vehicle, traveling in the opposite direction, made

an illegal left turn in front of the car, causing the bus driver to stop abruptly and injuring the passenger. *Id*. The passenger sued the owner of the bus, alleging the bus driver was following too closely and failed to observe the traffic ahead of him. *Id*. The court upheld a judgment for the plaintiff, holding the evidence supported the trial court's finding that the bus driver's negligence was the proximate cause of the plaintiff's injury. *Id*. at 305-06. The court summarily rejected the defendant's contention that the illegal left turn was an intervening, superseding cause of the injury. *Id*. at 305. This case addressed the sufficiency of the evidence supporting the trial court's findings and does not support the PUD's contention that a following driver is *solely* liable as a matter of law.

The PUD also relies on two cases from other jurisdictions, neither of which is binding and both of which applied standards different from Washington's. In *Halsey v. Uithof*, 166 Mont. 319, 532 P.2d 686 (1975), the defendant was the driver whose truck had stalled on a highway and allegedly failed to take steps to warn other drivers. A bizarre series of accidents involving other vehicles followed. *Id*. at 323-24. After a defense verdict, the trial court ordered a new trial, which the Montana Supreme Court reversed, holding: "[I]t was reasonable to foresee that [other drivers] would see the truck parked on the highway." *Id*. at 328. Under Washington law, by contrast, whether an intervening negligent act supersedes an earlier negligent act depends on whether the subsequent *negligence* is reasonably foreseeable, not whether a *lack of negligence* is reasonably foreseeable. *See Cramer*, 73 Wn. App. at 520-21.

In *Didier v. Johns*, 114 Ohio App. 3d 746, 684 N.E.2d 337 (1996), *appeal dismissed*, 79 Ohio St. 3d 1214, 681 N.E.2d 437 (1997), the defendant driver fell asleep at the wheel and crossed the highway's center line. A bus traveling in the opposite direction was required to stop quickly, causing the following motorcyclist to collide with the rear of the bus. *Id*. at 748-49. The court affirmed the summary dismissal of the motorcyclist's action, holding the motorcyclist was negli-

gent per se because he violated a statute requiring drivers to maintain an "assured clear distance ahead." *Id.* at 752; *see* OHIO REV. CODE ANN. § 4511.21(A) (West 2002). The court also curiously rejected the motorcyclist's contention that the defendant could be held partially responsible under Ohio's comparative negligence law, because the driver of the bus was not negligent, and "[t]his non-negligent act broke the chain of causation between [the sleeping driver's] negligence and [the motorcyclist's] negligence." *Didier*, 114 Ohio App. 3d at 753. Under Washington law, by contrast, the question is the foreseeability of the subsequent negligent act, not whether there is some nonnegligent intervening act. *See Cramer*, 73 Wn. App. at 520-21. *Didier* is not persuasive authority in support of the PUD's argument. In fact, *Didier* is in conflict even with other Ohio cases. *See Baum v. Augenstein*, 10 Ohio App. 3d 106, 460 N.E.2d 701, 703 (1983); *Grange Mut. Cas. Co. v. Fleming*, 8 Ohio App. 3d 164, 456 N.E.2d 816, 819 (1982).

The PUD has failed to establish that, as a matter of law, a following driver is *solely* liable for injuries resulting from a rear-end collision. Even the "following driver" rule provides only "[a] prima facie showing of negligence[, which] may be overcome by evidence that some emergency or unusual condition not caused or contributed to by the following driver caused the collision, in which event the liability of the following driver becomes a jury question." *Vanderhoff*, 72 Wn.2d at 106.

Ms. Riojas presented evidence that one of the PUD's reasons for stopping traffic was to prevent the line from falling onto vehicles and causing accidents. In addition, a certified flagger instructor stated that the collision here "is precisely the type of event flaggers should anticipate if they improperly release traffic into a hazardous situation such as underneath a line being strung over the roadway that may fall." CP at 159. From this evidence, a reasonable jury could find that the collision was foreseeable and thus that Mr. Knigge's conduct was not an intervening superseding cause of Ms. Riojas's injury.

The court improperly dismissed Ms. Riojas's claim against the PUD. Its order granting partial summary judgment is reversed, and the case is remanded for trial.

BROWN, C.J., and SCHULTHEIS, J., concur.

Review denied at 151 Wn.2d 1006 (2004).