THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ANTHONY STOGIN, an individual,<br><br>      Appellant,<br><br>    v.<br><br>KATHLEEN PRAUSA and JOHN DOE PRAUSA, husband and wife and the marital community composed thereof,<br><br>      Respondents. | No. 83098-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

ANDRUS, C.J. — Anthony Stogin appeals the summary judgment dismissal of his negligence action against Kathleen Prausa arising out of a collision in which Stogin struck Prausa's vehicle from behind while riding his motorcycle. Because Stogin failed to raise a genuine issue of material fact as to breach and causation, we affirm.

FACTS

On March 26, 2016, Anthony Stogin, driving a motorcycle, struck the rear of Kathleen Prausa's Hyundai Elantra. The collision occurred as the parties were traveling westbound on 84th Street NE in Marysville. As both vehicles approached the intersection with 115th Avenue NE, Prausa came to a stop. Stogin, who was following Prausa's car, collided with the rear of her vehicle.

Citations and pin cites are based on the Westlaw online version of the cited material.

The roadway at issue is straight and level with no sight obstructions. The weather on the day of the collision was sunny and dry. Stogin testified that as he crested a hill, he saw Prausa pull out from the side of the road in front of him, accelerate, and then abruptly and unexpectedly stop. Prausa denied pulling out onto 84th Street in front of Stogin. She testified that she was driving her daughter to school and as she approached the intersection of 84th Street NE and 115th Avenue NE, she stopped because there were cars lined up at the intersection with the lead car making a right turn onto 115th Avenue NE. The two cars immediately in front of her were at a complete stop and Prausa stopped as well. She checked her rear view mirror and saw a motorcycle approaching at an accelerated speed. Stogin's motorcycle hit the rear of her vehicle, throwing him into a ditch and causing several injuries, including a serious leg fracture.

Stogin alleged his injuries were the result of Prausa's negligence. On summary judgment, Prausa submitted the testimony of accident reconstructionist, David Wells. Wells opined that the physical evidence supported Prausa's version of events because her car was squarely in her lane of travel when Stogin struck it, the motorcycle struck the right rear corner of her bumper, and Stogin's handlebars left scuff marks on the rear quarter panel of the car. This evidence established, according to Wells, that Prausa could not have been pulling out into Stogin's lane of traffic from the right side of the road when the collision occurred. Had she been in this position, Wells opined, Stogin would have struck the left side, and not the right side, of Prausa's car.

Wells also testified that even if Prausa had pulled out in front of Stogin, the evidence supported the conclusion that Stogin would have had 159.7 feet in which to stop and avoid the accident, leaving him "plenty of room to steer around the hazard, or [to] apply the brakes and stop before reaching the potential impact area." Wells found no evidence to indicate Prausa stopped her car any more suddenly "than a normal, reasonable driver," as the police report indicated no skid marks and her airbags did not deploy. After Stogin was deposed, Wells supplemented his opinions and concluded that Stogin had a minimum of 314 feet to perceive Prausa and to slow down or stop before impacting the rear of the Hyundai.

In response, Stogin submitted the testimony of his collision reconstructionist, Bryan Jorgensen, who agreed with Wells on many aspects of how the accident occurred. He stated that, according to Stogin, when he first saw Prausa's car, he backed off the throttle and allowed his motorcycle's engine compression to slow the bike because Stogin believed Prausa was accelerating. Jorgensen, like Wells, stated that "though it prompted an immediate response from Stogin[, it] was not exactly an emergency since he was over 200 ft. away." He believed the physical evidence did not rule out Prausa's version of events or Stogin's version of events. And he believed that had Prausa accelerated, rather than braked, Stogin could have avoided the collision. But Jorgensen stated that Prausa's car "was not so close to the lead vehicle that a sudden full braking was needed or expected." And given the manner in which she braked, Jorgensen contended that Stogin had to respond in some fashion, and "a reasonable motor

vehicle operator (whether car or motorcycle) could be trapped by the sudden change of actions of a lead driver."

In a subsequent report, Jorgensen stated that when Prausa "first pulled out onto the roadway[,] Stogin was far enough away that he let up on the throttle and allowed the bike (still in 4th gear) to compression brake. The gradual slowing was to allow the Elantra driver sufficient time-distance to accelerate up to roadway speed." He concluded that

> [h]ad Prausa continued to accelerate even at normal levels and Stogin continued compression braking alone, his closest approach would have been approximately 70 ft. Thus, Stogin's choice to moderate his speed and allow the lead Prausa vehicle to get up to speed was appropriate.
> . . . .
>
> The choice by Prausa to brake hard without an emergency reason was inappropriate and poor driving tactics and was the proximate cause for the collision.

The trial court granted Prausa's summary judgment motion and dismissed Stogin's lawsuit. Stogin appeals.

ANALYSIS

Stogin contends the trial court erred in dismissing his claim because Prausa owed him a duty of care not to pull out in front of him and brake unexpectedly and his expert testimony established a genuine issue of material fact on the question of breach and causation. We disagree.

Appellate courts review a summary judgment order de novo and perform the same inquiry as the trial court. Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020). Courts view the evidence and all reasonable inferences in the light most favorable to the nonmoving party and will

grant summary judgment only where there are no genuine issues of material fact. Fed. Way Sch. Dist. No. 210 v. State, 167 Wn.2d 514, 523, 219 P.3d 941 (2009).

To create a triable issue on his negligence claim, Stogin must present evidence of (1) a duty, (2) a breach, (3) a resulting injury, and (4) proximate cause. N.L. v. Bethel Sch. Dist., 186 Wn.2d 422, 429, 378 P.3d 162 (2016).

Stogin first argues that Prausa breached a duty she owed to Stogin by violating two traffic statutes, RCW 46.61.365 and RCW 46.61.205. RCW 46.61.365 states that "[t]he driver of a vehicle . . . upon entering the roadway shall yield the right-of-way to all vehicles approaching on said roadway." Similarly, RCW 46.61.205(1) states: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles lawfully approaching on said highway."

Even if Prausa had a duty to yield to approaching traffic when entering 84th Street NE, Stogin presented no evidence that Prausa caused the collision by failing to yield to Stogin. Cause in fact refers to the "but for" consequences of an act—the physical connection between an act and an injury. Hartley v. State, 103 Wn.2d 768, 777, 698 P.2d 77 (1985). Proximate cause is "a cause which in a direct sequence, unbroken by any new independent cause, produces the [injury] [event] complained of and without which such [injury] [event] would not have happened." Id. at 778 (quoting WASHINGTON PATTERN JURY INSTRUCTIONS 15.01).

Stogin could not estimate how far he was from Prausa's vehicle when he crested a hill and saw her enter the roadway. But he stated that when he did, he did not have to hit his brakes and he simply "let off the throttle" because he thought

Prausa was accelerating. Jorgensen stated that "[a]t no time did Stogin ever state that the Prausa vehicle was still entering the roadway when he struck it." Based on Stogin's account, Jorgensen concluded that Stogin had enough time to employ a "staggered" response to Prausa's act of pulling out onto the road. Jorgensen described Stogin as "back[ing] off the throttle" for three seconds and concluded that there was no emergency because Stogin was over 200 feet away from Prausa's car when it pulled onto the road. This evidence directly contradicts the contention that Prausa's failure to yield to oncoming traffic was the proximate cause of this collision. Prausa's expert, Wells, agreed that even if Prausa had pulled onto the road in front of Stogin, she did so with enough time and distance for Stogin to avoid a collision. It was thus undisputed that Prausa's failure to yield to Stogin did not cause this accident.

Indeed, Jorgensen attributed the accident, not to Prausa's failure to yield, but instead to her "sudden braking for allegedly no reason." However, Stogin has also failed to establish any evidence that Prausa's act of braking constituted a breach of her duty to operate her motor vehicle in a reasonable manner.

Generally, the following driver holds the primary duty of avoiding a rear-end collision and is negligent if he runs into the car ahead, absent an emergency or unusual situation. See Riojas v. Grant County. Pub. Util. Dist., 117 Wn. App. 694, 698, 72 P.3d 1093 (2003). To discharge the primary duty, the following driver must allow for all actions of the preceding driver that can reasonably be anticipated, including abrupt stops at intersections. Rhoades v. DeRosier, 14 Wn. App. 946, 949, 546 P.2d 930 (1976).

- 6 -

Even in the event of an emergency, the following driver has a duty "to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made." Miller v. Cody, 41 Wn.2d 775, 778, 252 P.2d 303 (1953). RCW 46.61.145(1) prohibits drivers from following another vehicle "more closely than is reasonable and prudent, having due regard for the speed" of the lead vehicle and the traffic on and condition of the highway.

The following driver is relieved of this primary duty only when circumstances create an "extreme emergency, making collision unavoidable." Ray v. Cyr, 17 Wn. App. 825, 828, 565 P.2d 817 (1977). The lead driver may not act in "an unusual, unexpected manner that reasonably could not be anticipated." Rhoades, 14 Wn. App. at 949 (lead driver accelerated to run yellow light and then slammed on his brakes just after entering intersection; following driver unable to stop on wet pavement). But to create a question of fact on summary judgment, the following driver must present evidence that the lead driver engaged in unusual conduct that the following driver could not have anticipated. Id.

Stogin lacks this evidence. Stogin argues that Prausa created an emergency situation by unexpectedly slamming on her brakes. But even if she braked suddenly, Stogin cannot establish that Prausa lacked a valid reason for doing so. Prausa provided evidence that she came to a complete stop near the intersection because there was a line of three cars stopped in front of her. Stogin had no idea whether Prausa had to stop to avoid these cars.

Although Jorgensen opined that Prausa's car "was not so close to the lead vehicle that a sudden full braking was needed or expected," the only facts on which

he relies to draw this conclusion are the absence of a stop sign at the intersection of 84th Street NE and 115th Avenue NE and his opinion that there was no need for a right-turning vehicle to stop at the intersection.  But he cannot dispute Prausa's testimony that there were three cars, not just one, ahead of her and that all of them had come to a complete stop with the lead car making a turn off the road.  Whether there was a stop sign, or whether the lead car was legally obligated to stop, it is undisputed the cars were at a full stop.  Stogin agreed that if cars in front of Prausa were braking, she would need to brake as well to avoid a collision.

Jorgensen's characterization of Prausa's driving, without evidence, is mere speculation.  "Expert opinions must be based on the facts of the case and will be disregarded entirely where the factual basis for the opinion is found to be inadequate."  Hash by Hash v. Children's Orthopedic Hosp., 49 Wn. App. 130, 135, 741 P.2d 584 (1987) (citing Prentice Packing & Storage Co. v. United Pac. Ins. Co., 5  Wn.2d 144, 106 P.2d 314 (1940)), aff'd, 110 Wn.2d 912 (1988).  "In the context of a summary judgment motion, an expert must back up his opinion with specific facts."  Id. (citing United States v. Various Slot Machines on Guam, 658 F.2d 697, 700 (9th Cir. 1981).  Jorgensen's opinion testimony that Prausa did not have to brake as quickly as she did is not supported by any specific factual evidence.

The only evidence Stogin presented is that Prausa stopped abruptly.  Evidence that the lead driver made an abrupt stop, by itself, is insufficient to raise a jury question on the issue of negligence of that driver.  Bonica v. Gracias, 84 Wn.2d 99, 100-01, 524 P.2d 232 (1974).  Stogin argues Bonica is distinguishable

because in that case, the collision occurred on a freeway entrance ramp, where the court said "abrupt stops should be anticipated." Id. at 100. But this distinction is immaterial. We cannot conclude that abrupt stops at intersections are less unexpected than abrupt stops on freeway entrance ramps.

On this record, there is no basis for a jury to conclude that Prausa acted in a manner that could not be anticipated given her proximity to stopped vehicles at an intersection. There is thus no genuine issue of material fact on the issue of Prausa's negligence and the trial court did not err in granting her motion for summary judgment.

Affirmed.

WE CONCUR:

_Andrus, C.J._

_Birk, J_        _Dwyer, J._